UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JACKIE M. CALDWELL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-cv-00332-PLR-CCS |
| | ) | | |
| VICKI FREEMAN, Warden, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

On July 17, 2014, Petitioner filed a pro se petition for writ of habeas corpus challenging the legality of her confinement under a judgment of the Campbell County Criminal Court convicting her of aggravated rape, criminal responsibility for facilitation of rape of a child, and criminal responsibility for facilitation of criminal attempt to commit aggravated sexual battery [Doc. 1]. The Court subsequently directed the Warden to respond pursuant to Rule 4 of the rules governing § 2254 actions [Doc. 3]. Before the Court now is Respondent's motion to dismiss Petitioner's request for federal habeas relief as untimely [Doc. 9].

**I.    BACKGROUND**

A Campbell County jury convicted Petitioner of aggravated rape, criminal responsibility for facilitation of rape of a child, and criminal responsibility for facilitation of criminal attempt to commit aggravated sexual battery. *State v. Jackie Caldwell*, No. E2008-00307-CCA-R3-CD, 2009 WL 3191706, at *1 (Tenn. Crim. App. Oct. 6, 2009), *perm. app. denied* (Tenn. Mar. 18, 2010). Petitioner was sentenced to an effective term of 22 years' imprisonment [Doc. 1]. The Tennessee Court of Criminal Appeals affirmed the judgment on October 6, 2009 and Tennessee Supreme Court declined review on March 18, 2010. *Caldwell*, 2009 WL 3191706, at *16.

On October 5, 2010, Petitioner filed a state-based petition for post-conviction relief. *Jackie Caldwell v. State*, No. E20120-00085-CCA-R3-PC, 2012 WL 6651216, at *1 (Tenn. Crim. App. Dec. 12, 2010), *perm. app. denied* (Tenn. Apr. 10, 2013). The trial court denied Petitioner's state-based petition after an evidentiary hearing and, on December 21, 2012, the Tennessee Court of Criminal Appeals affirmed the trial court's judgment. *Id.* at *3. The Tennessee Supreme Court denied permission to appeal on April 10, 2013. *Id.*

## II. MOTION TO DISMISS

On February 20, 2015, Respondent filed a motion seeking dismissal of Petitioner's application for habeas relief, arguing it is time-barred under the 28 U.S.C. § 2244(d)'s statute of limitations [Doc. 11]. Seven months have passed without a response from Petitioner.

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period starts to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filling a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.*; *see also Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000) (same). The time is statutorily tolled during pendency of "a properly filed application for state-based post-conviction relief or other collateral review with respect to the pertinent judgment or claim." *Id.*

Because Petitioner took advantage of her right to a direct appeal and the Tennessee Supreme court declined review of that appeal on March 18, 2010, Petitioner's state-court judgment "became final" under 28 U.S.C. § 2244(d)(1)(A), i.e., her AEDPA limitations period

began to run, on June 16, 2010 after expiration of the 90 day period for seeking a writ of certiorari in the United States Supreme Court [Doc. 1].[1]  *Clay v. United States*, 537 U.S. 522, 527–28 (2003).  Absent statutory or equitable tolling, Petitioner's one-year statute of limitations would have initially expired on June 16, 2011.

### 1. Statutory Tolling

Petitioner filed her state-based petition for post-conviction relief in the Campbell County Criminal Court on October 5, 2010, 111 days into her AEDPA limitations period.  Because Petitioner filed this state-petition within the original one-year limitations period, her request for post-conviction relief triggered 28 U.S.C. § 2244(d)(2) and tolled the limitations period for the pendency of that process.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2008) (explaining an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing" and noting relevant rules include those laws proscribing "time limits upon [the application's] delivery").  The limitations period resumed 918 days later when the Tennessee Supreme Court denied review of the state-based petition on April 10, 2013.  At that time, 254 days remained in Petitioners AEDPA limitations period.  As a result, Petitioner's one-year window expired on December 20, 2013, 254 days after April 10, 2013 and 209 days before she filed the current petition for federal habeas relief on July 17, 2014.

### 2. Equitable Tolling

Despite the failure to trigger 28 U.S.C. § 2244(d)(2), the one-year AEDPA statute is not jurisdictional and remains subject to the doctrine of equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Petitioner is "entitled to equitable tolling' only if [s]he shows '(1) that

---

[1]  The Tennessee Court of Criminal Appeals affirmed Petitioner's conviction and sentence on October 6, 2009, and the Tennessee Supreme Court denied permission to appeal on March 18, 2010.  Under Supreme Court Rule 13.1, Petitioner was required to petition for certiorari in the United States Supreme Court within 90 days after entry of the order of the Tennessee Supreme Court.  Her conviction became final upon the expiration of that period.

[s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine "is applied sparingly," however, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Petitioner bears the burden of demonstrating cause for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); s*ee also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (same).

Nothing in Petitioner's request for federal habeas relief [Doc. 1] comes close to demonstrating the extraordinary circumstances necessary to merit equitable tolling of the one-year AEDPA limitations period. Further, Petitioner has failed to file a response in opposition to Respondent's motion. As such, the Court finds no grounds for equitable tolling exist. Respondent's motion to dismiss [Doc. 11] will be **GRANTED** and Petitioner's July 17, 2014 petition for federal habeas relief is **DISMISSED** for failure to comply with 28 U.S.C. § 2244(d).

## III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss [Doc. 9] will be **GRANTED** and Petitioner's habeas action will be **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**